CEM: USAO# 2025R00033
PAR 2.2.25



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | CRIMINAL NO. ELH 25cr35 |
|---|---|
| v. | (Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Forfeiture, 18 U.S.C. §2253, 21 U.S.C. §853(p)) |
| DAVID DONNELL FULTON JR., | |
| Defendant. | |

# INDICTMENT

### COUNT ONE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

On or about May 28, 2024, in the District of Maryland, the defendant,

**DAVID DONNELL FULTON, JR.**,

did knowingly employ, use, persuade, induce, entice and coerce a minor female to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing a visual depiction of such conduct, and said visual depiction was produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, an image which depicts the exposed genitals of Minor Victim, a prepubescent minor, said image file having been stored on an iPhone 12 cell phone, IMEI 351588825226136, manufactured in China.

18 U.S.C. § 2251(a)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §2253 and 21 U.S.C. § 853(p), in the event of the defendant's conviction charged in Count One of this Indictment.

### Sexual Exploitation of Children Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

**DAVID DONNELL FULTON, JR.,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following items seized from the defendant's residence in Harrisburg, Pennsylvania, on or about May 31, 2024: iPhone 12, IMEI 351588825226136 and a Maxwest Astro 8R Tablet, serial number ATO8R0723014212.

## Substitute Assets

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

18 U.S.C. § 2253
21 U.S.C. § 853(p)

*Philip A. Selden*
Philip A. Selden
Acting United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

Date 2/19/25

3