

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

---

*Colleen Elizabeth McGuinn*
*Assistant United States Attorney*
*Colleen.McGuinn@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4823*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

December 2, 2025

The Honorable Ellen L. Hollander
United States District Court
101 W. Lombard Street
Baltimore, MD  21201

      RE:    *United States v. David Donnell Fulton*
             Criminal No. ELH-25-035

Dear Judge Hollander:

      The sentencing hearing in the above-captioned matter is currently scheduled for December 16, 2025, at 11 a.m.  The Defendant entered his guilty plea to Count 1, Sexual Exploitation of Children, 18 U.S.C. § 2251(a) (ECF 33).  Specifically, the Defendant and the Government agreed to proceed by way of a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), concurring that a 15 year, or 180-month, sentence is the appropriate disposition. (*Id.* at ¶ 11).  As calculated in the Presentence Investigation Report (PSR), the Defendant's adjusted offense level is 35, and his criminal history category is III, resulting in an advisory USSG range of 210-262 months (ECF 38).  Sexual Exploitation of Children carries a fifteen (15) year mandatory minimum period of incarceration and a maximum sentence of thirty (30) years.

      At this time, the Government does not anticipate seeking restitution for the minor victim or any of the other victims from the child pornography relevant conduct; if the Government receives that information prior to the sentencing hearing, it will be forwarded to the Court and to counsel immediately.  The Government is not seeking an additional special assessment of $5,000 under 18 U.S.C. § 3014(a) due to the Defendant's indigency.  The Government filed a Preliminary Order of Forfeiture as to the devices seized in this matter (ECF 36) and the order was signed by this Court on November 17, 2025 (ECF 37).

      Minor Victim's mother intends to submit Victim Impact Statement.  The Government will forward that to the court and defense counsel when available.

      The Government recommends a sentence of 15 years, or 180 months, to the Bureau of Prisons followed by a lifetime of supervised release, and a special assessment of $100.  The Government is also seeking lifetime supervised release. It is sufficient, but not greater than

necessary to comply with the factors outlined in 18 U.S.C. § 3553(a), some of which are discussed below.

**SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)**

1. <u>The Nature and Circumstances of the Offense/History Characteristics of the Defendant:</u>

    At the time of the offenses, the Defendant was approximately 31 years old. His prior convictions do not include any felonies or crimes against children.

    

    The image of Minor Victim was taken surreptitiously. While Minor Victim slept in the ▮▮▮▮▮▮▮▮▮▮ the Defendant decided to capture an image of her genitalia, moving aside her underwear with his hand and using his cell phone to take the image. Thankfully, Minor Victim continued to sleep and was unaware of the violation of her innocence and privacy. The Defendant later told law enforcement he had intended to sell or share this image on the internet with the other like-minded individuals he met in child pornography forums, but because of a total coincidence in timing he never got that chance.

    Within days of the Defendant's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, law enforcement in Pennsylvania, where the Defendant lived with his family, executed a search warrant at the Defendant's home. In the weeks prior ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, detectives were already investigating the Defendant based on a Cybertip for the distribution and possession of child pornography: the Defendant used his Dropbox account to upload two video files of child pornography that included prepubescent females. The search warrant led not only to the discovery of the image of Minor Victim on the Defendant's iPhone, but to a collection of child pornography videos on both his iPhone and his tablet. It seems that law enforcement's timely investigation interfered with the Defendant's plan to exploit Minor Victim further and perhaps to even more hands-on exploitation of Minor Victim or other children in the future.

    Pennsylvania has dismissed their charges for Possession of Child Pornography in favor of this federal case, which included the conduct in Pennsylvania.

2. <u>The Need for the Sentence Imposed:</u>

    The sentence imposed in this case needs to reflect the seriousness of the offense, promote

respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). This is very serious conduct, ▮

Fortunately, the Defendant's conduct with Minor Victim was limited to the capture of only one image. A sentence of 180 months will vindicate the interests of the minor victims while balancing the mitigation presented by the Defendant.

      This sentence is also necessary to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B), and to protect the public from further crimes, U.S.C. § 3553(a)(2)(C). There is a pressing need to protect the public from the Defendant. The Defendant must be incarcerated for a substantial period of time so he is deterred from engaging in this activity.

    3. **The Kinds of Sentences Available:**

      The conviction for Sexual Exploitation of a Child in this case carries a mandatory minimum sentence of fifteen (15) years, and a maximum sentence of thirty (30) years in prison. Clearly the factors listed in 3553(a) justify a sentence that is substantial but also balances the mitigation a limited conduct in this case. A sentence of 180 months is certainly within the range of available penalties.

    4. **The Need to Avoid Unwarranted Sentence Disparities:**

      The sentence imposed in this case should be consistent with alike cases among defendants with similar records. The Government submits that a 180-month sentence in this case would be consistent with other similar cases in the District of Maryland.

      In *United States v. Lewis Blandon*, MJM-21-268, the defendant had no prior convictions, and coerced and enticed several minor males online to produce explicit images of themselves. ▮ The defendant received a sentence of 19 years.

      In *United States v. Jason Brueggeman*, LKG-22-227, the defendant took surreptitious images and videos of the minor victim from age 9 until age 14; ▮ The defendant shared some of the images online with another pedophile and engaged in fantasy talk, but the minor victim did not disclose any hands-on sexual abuse. The defendant received a 20-year sentence.

      In *United States v. James Holloway*, JRR-23-008, the defendant surreptitiously took images of ▮. The defendant received a sentence of 15 years.

      For the reasons stated in this letter, the Government respectfully requests that the Court imposed a sentence of 180 months to the Bureau of Prisons, to be followed by lifetime supervised released, impose a $100 special assessment, address the $5,000 additional special assessment, and order restitution if requested, as well as forfeiture.

                    Very truly yours,

                    Kelly O. Hayes
                    United States Attorney

                    _____
                    Colleen Elizabeth McGuinn
                    Assistant United States Attorney

CC:  Summer Akhtar, Counsel to the Defendant
      Melissa McGuinn, U.S. Probation Officer